Angello Poli and Deletta Poli, Patrick Stromick, Goldie L. Stromick, Clarence Ashton and Vivian D. Ashton, as Terre Tenants, Appellants *v.* South Union Township Sewage Authority, Appellee.

Argued November 21, 1980, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Joseph R. Rygiel,* for appellants.

*Ernest P. DeHaas, Coldren & Coldren,* for appellee.

OPINION BY JUDGE CRAIG, January 12, 1981:

Appellants bring this appeal from the order of the Court of Common Pleas of Fayette County granting summary judgment in favor of South Union Township Sewage Authority (authority) in a scire facias sur municipal lien proceeding.

On June 24, 1974, the authority filed a lien for charges in the amount of $3,582.44. Appellants acquired the subject property on November 29, 1974. On April 26, 1976, the authority filed a revival of the lien, increasing the amount to $8,422.50.

The authority filed its praecipe for a writ of scire facias on the lien on March 8, 1978; the writ issued, and appellants responded by affidavit of defense on March 30, 1978, averring no sewer service to the previous occupant and averring disputed liability as between appellants and that previous occupant.

On June 8, 1979, the authority filed a request for admissions, seeking, in part, an admission that the sole basis of the defense was a disclaimer of personal liability for that portion of the sewer rental charges which antedated April 1, 1973. Appellants did not respond until October 17, 1979, more than four months later.

The authority moved for summary judgment on November 27, 1979. The common pleas court decided that appellants' failure to respond to the request for admissions within the 30 days allowed by Pa. R.C.P. No. 4014(b) constituted an admission of the matter in the request, *i.e.*, that the only defense was a disclaimer of personal liability. Because that disclaimer was not a valid defense to the in rem scire facias proceeding, the common pleas court, sitting en banc, granted summary judgment with an opinion by Judge CAPUZZI.

Pa. R.C.P. No. 4014(d) provides that admissions, including those by failure to answer, are conclusive within the proceeding "unless the court on motion per-

64

mits withdrawal or amendment of the admission.''
The record reveals no such motion; nor does it reveal
any request for extension of time in which to respond,
as contemplated in Pa. R.C.P. No. 4014(b).

Hence, appellants must be deemed as admitting
that no more than a personal liability defense has been
raised; moreover, that admission does not appear to
be inconsistent with the actual content of the affidavit
of defense. Clearly, the issues as to personal liability,
as between appellants and a tenant of their predeces-
sor in title, cannot constitute any defense to the in rem
action against the property. Because appellants
raised no question as to the validity of the in rem
claim itself,[1] the case was an appropriate one for sum-
mary judgment, which we affirm.

ORDER

AND Now, January 12, 1981, the February 1, 1980
order of the Court of Common Pleas of Fayette Coun-
ty at No. 10085-36, is affirmed.

---

[1] The chief argument in appellants' brief is that they are not
aware that notice to connect to the sewer was given by the munici-
pality, as specified by ordinance. However, their affidavit of de-
fense did not raise that issue, nor do they offer any authority re-
lating that point to the lien.